# United States Court of Appeals

## For the Eighth Circuit

_____

No. 19-1843

_____

United States of America

*Plaintiff - Appellee*

v.

Christopher Luker

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas - Fayetteville

_____

Submitted: April 13, 2020
Filed: June 17, 2020
[Unpublished]

_____

Before LOKEN, SHEPHERD, and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Following entry of a guilty plea to one count of accessing the Internet with intent to view child pornography, in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and

(b)(2), the district court[1] sentenced Christopher Luker to 46 months imprisonment with a 10-year period of supervised release to follow. The district court also imposed a mandatory special assessment in the amount of $100 and an additional special assessment of $5,000 pursuant to the Justice for Victims of Trafficking Act (JVTA). Luker appeals, asserting that the district court erroneously determined that he is not indigent for the purposes of the JVTA and thus erred in imposing the $5,000 special assessment. Having jurisdiction under 28 U.S.C. § 1291, we affirm.

Luker's conviction arises from a Department of Homeland Security investigation into images of child pornography that were being uploaded to the Google cloud storage account owned by Luker. Investigators executed a search warrant on Luker's home, and after waiving his Miranda rights, Luker spoke with investigators. Luker initially stated that he had inadvertently stumbled upon images of naked children, but that any downloads of pornographic images of children to his Google cloud storage account would have been done by someone else with his login information. However, after investigators located approximately 600 images and 30 videos of child pornography on his phone, Luker admitted to using his cell phone to view the images. Luker was subsequently charged with one count of accessing the Internet with the intent to view child pornography and entered a guilty plea pursuant to a plea agreement.

At the sentencing hearing, in addition to imposing the terms of imprisonment and supervised release and a $100 special assessment, the district court also imposed a $5,000 special assessment pursuant to the JVTA. Luker objected to the latter special assessment, arguing that he is indigent, as demonstrated by his court-appointed counsel and evidence that his monthly expenses exceeded his income. The district court stated that indigency for the purposes of appointment of counsel differs

---

[1]The Honorable Timothy L. Brooks, United States District Judge for the Western District of Arkansas.

from indigency for purposes of the assessment, noting that the latter is not based on cash flow. Acknowledging that Luker does not have a significant net worth, the district court nevertheless determined Luker is not indigent and imposed the $5,000 special assessment. The district court ordered that the special assessment be due and payable immediately, but allowed payment in installments if Luker were unable to pay immediately. This installment payment plan required Luker to make payments of up to 50% of his available funds during his term of imprisonment, 10% of his gross monthly income during any period of residential reentry placement, and the greater of $50 or 15% of his net monthly household income during supervised release. The district court ordered that the assessment should be paid in full no later than one month before the end of Luker's period of supervised release.

Luker now appeals the imposition of the $5,000 special assessment, arguing that the district court erroneously determined that Luker is not indigent for the purposes of the JVTA, particularly where the record reflected his limited financial resources and that he was entitled to court-appointed counsel. Because the determination of whether a defendant is indigent for the purposes of the JVTA is a factual issue, we review the district court's conclusion for clear error. United States v. Kelley, 861 F.3d 790, 801 (8th Cir. 2017).

Under the JVTA, "the court shall assess an amount of $5,000 on any non-indigent person or entity convicted of an offense" involving the sexual exploitation of children, 18 U.S.C. § 3014(a)(3), which is used to provide various services to victims of trafficking. Id. § 3014(e). Although this provision excepts from the mandatory fine those defendants found to be indigent, it does not provide guidance on determining indigency. In Kelley, we concluded that the relevant considerations for indigency determinations for the purposes of the JVTA are a defendant's current financial situation and his ability to pay in the future. 861 F.3d at 801. We expressly declined to base this indigency determination on the more lenient standards that apply when the appointment of counsel is considered. Id

Here, the district court considered both Luker's current financial situation and his ability to pay in the future. The record reflects that Luker's assets—including two vehicles, together worth $5,500, and $18,000 in a 401(k) account—when balanced against his liabilities, result in an overall net worth of $9,650. The record also reflects facts that demonstrate Luker's future ability to pay the special assessment, including that he is a high-school graduate with a 27-year employment history. The district court concluded that while Luker does not have substantial means, he does not meet the indigency standard. And, recognizing Luker's limited means and likely inability to pay the assessment in full immediately, the district court created an installment plan to allow Luker to gradually satisfy the amount of the assessment. On this record, we find no error, much less clear error, in the conclusion that Luker is not indigent for the purposes of the JVTA and in the $5,000 special assessment. See id. (concluding that defendant was not indigent for purposes of JVTA because, even though defendant had a slight negative net worth, defendant had a future ability to pay).

For the foregoing reasons, we affirm the judgment of the district court.

_____